awards (*Mecartney v. City of Chicago*, 273 Ill. 276), and to be *res judicata* under that decision.

2. LIMITATION OF ACTIONS, § 121*—*when request for leave to file plea is too late.* Refusal to permit the filing of a plea setting up the statute of limitations is not error where leave to file it is first sought after trial and review and remandment by the Supreme Court.

3. LIMITATION OF ACTIONS, § 106*—*when refusal to allow filing of plea is not error.* Refusal to permit the filing of a plea setting up the statute of limitations is not error where, even if the plea should be sustained, it would not end the litigation, but would leave open to plaintiff the remedy of assumpsit or of mandamus.

4. APPEAL AND ERROR, § 1725*—*what matters deemed adjudicated on former appeal.* The rule is that not only those matters which are presented for determination, but also those which could have been presented, shall be deemed to have been adjudicated by the decision of the Supreme Court on a former appeal.

---

## Benjamin F. Birch, Defendant in Error, v. City of Chicago et al., Plaintiffs in Error.

### Gen. No. 23,941.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JOHN J. GIBBONS, Judge, presiding. Heard in this court at the March term, 1918. Reversed. Opinion filed June 10, 1918.

### Statement of the Case.

Petition by Benjamin F. Birch, against the City of Chicago and others, defendants, for a writ of mandamus to compel the restoration of his name to the pay roll of patrolman in the police department of the City of Chicago. To reverse a judgment that the writ issue, defendants prosecute this writ of error.

SAMUEL A. ETTELSON, for plaintiffs in error; ROY S. GASKILL, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ALLEN B. CHILCOAT and ROBERT D. MELICK, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

CIVIL SERVICE, § 27*—*what must be shown to warrant issuance of writ to compel restoration to office.* One seeking a writ of mandamus to compel his restoration to a municipal office must show the legal existence of the office sought, and if it does not appear that there is an ordinance creating the office, the writ will not issue.

---

## Albert Macrae, Defendant in Error, v. Ambrose J. Krier, Plaintiff in Error.

### Gen. No. 23,995.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. Opinion filed June 10, 1918.

## Statement of the Case.

Action by Albert Macrae, plaintiff, against Ambrose J. Krier, defendant, on a promissory note. To reverse a judgment for plaintiff for $200, defendant prosecutes this writ of error.

GEORGE L. SCHEIN, for plaintiff in error.

FRED D. JACKSON, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.